IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINAC
CHARLOTTE DIVISION
3:12-cv-324-FDW
(3:04-cr-104-FDW-3)

| | |
|---|---|
| JONATHAN MASON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion for reconsideration, filed by and through counsel, of the Court's order denying and dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.

## I.  BACKGROUND

On December 21, 2012, the Court entered an Order denying and dismissing Petitioner's pro se Section 2255 motion after concluding that Petitioner's sentence of 120-months' imprisonment was within the maximum as authorized by 21 U.S.C. § 846, and finding that based on recent Fourth Circuit law, Petitioner was not entitled to retroactive relief in a collateral proceeding. See (3:12-cv-324, Doc. No. 12: Order).[1]

On February 19, 2013, Petitioner filed a motion for the Court to reconsider the December 21st Order. (Doc. No. 14). In the motion, counsel provides further argument in support of Petitioner's pro motion for relief under Section 2255. (Doc. No. 14-1).

The Court will grant Petitioner's motion to reconsider its December 21st Order for the

---

[1] The findings and conclusions set forth in the Court's December 21, 2012 Order are fully incorporated herein.

1

reason that this district appointed the Federal Defenders of Western North Carolina, Inc., to represent defendants who may potentially have claims for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and counsel had not submitted additional authority or argument in support of Petitioner's pro se Section 2255 motion prior to the Court's December 21st Order of dismissal. See (3:12-mc-92: Order of Appointment, filed May 22, 2012). The Court would note that Petitioner's counsel filed a notice of appearance on October 22, 2012, (Doc. No. 11), and some two months elapsed between October 22nd and the day the Court entered its order of dismissal and counsel had filed no further memorandum or argument in support of Petitioner's Section 2255 motion. However, the Court is very mindful of counsel's caseload in reviewing these cases, and will find that in the interests of justice Petitioner's supplemental memorandum should be considered. See Fed. R. Civ. P. 60(b)(6).

## II. LEGAL DISCUSSION

In the Order denying and dismissing Petitioner's pro se Section 2255 petition, the Court found that recent case law from the Fourth Circuit foreclosed the relief Petitioner was seeking through the Section 2255 proceeding. In United States v. Powell, 691 F.3d 554, 56-61 (4th Cir. 2012), the Fourth Circuit found that "[b]ecause the Supreme Court's decision in [Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010)] at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."). The Court has noted Petitioner's supplemental argument in support of relief under Section 2255 and finds that it does not alter the findings and conclusions of the Court's December 21st Order. (Doc. No. 12).

2

Namely, a Section 2255 proceeding is a collateral proceeding and current Fourth Circuit precedent would deny relief. The Court will therefore again deny relief under Section 2255 for the reasons stated herein and in the December 21st Order.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration is **GRANTED**. (Doc. No. 14).

2. Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: March 14, 2013

Frank D. Whitney
United States District Judge

3